UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVERT WICKS,

        Plaintiff,

    v.

CHRYSLER GROUP, LLC, and
AUTOWEST CHRYSLER DODGE
JEEP,

        Defendants.

                              /

NO. CIV. S-10-3214 LKK/KJN

O R D E R

Plaintiff brings a single claim for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*. ("the Act"). He alleges that defendant, an automobile dealership, violated the Act by failing to honor the warranty issued by Chrysler LLC on his vehicle, a Dodge Ram diesel truck.

**I.   BACKGROUND**

Plaintiff bought the truck, manufactured by Chrysler LLC ("Chrysler"), in October 2003 from a dealership not involved in this lawsuit. Amended Complaint ("Complaint") (Dkt. No. 29) ¶ 10. The truck was protected by a seven-year/100,000 mile Diesel Engine

1

Warranty (the "Warranty") provided by Chrysler.  Id.

Pursuant to a Sales and Service Agreement ("the Agreement") entered into between defendant Autowest Chrysler Dodge Jeep ("Autowest") and Chrysler on April 1, 1999, Autowest agreed to provide "all warranty service" to owners of Dodge vehicles, and Chrysler agreed to compensate Autowest for those services.  See Defendant's Opposition, Exh. A[1] ("Chrysler Corporation Dodge Sales and Service Agreement / Additional Terms and Provisions") at 3. Autowest also agreed to indemnify Chrysler for any damage it caused during warranty service.  Id.

Plaintiff brought the truck in for repairs on three separate occasions.  The first time plaintiff brought the truck to a non-party dealership, and on two subsequent occasions he brought it to defendant Autowest.  Complaint ¶¶ 12-16.  Every time, warranty service was refused, and plaintiff paid for the repairs out of his own pocket.[2]  Id.  Ultimately, the truck's engine failed entirely,

---

[1] Defendant attached the Agreement to its motion papers as an exhibit.  It is incorporated by reference into plaintiff's complaint, see Complaint ¶¶ 20 & 21, neither party questions its authenticity, and both parties rely upon it in their motion papers. See Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010) ("we may consider 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'").  Accordingly, the court will consider the Agreement as if it were an exhibit properly attached to the complaint pursuant to Fed. R. Civ. P. 10(c).

[2] The court takes judicial notice that on April 30, 2009, Chrysler LLC – the manufacturer of plaintiff's truck and the issuer of the Warranty at issue here – filed for bankruptcy.  See In re Chrylser LLC, et al., Case No. 09-50002 (S.D.N.Y.); Defendant's Opposition at 2 n.2; Plaintiff's Motion To Amend Complaint (Dkt. No. 24) at 5 (April 5, 2011).  Neither party asserts that the

and plaintiff paid for a new engine.[3]  Complaint ¶ 17.

## II. DISMISSAL STANDARD

A dismissal motion under Fed. R. Civ. P. 12(b)(6) challenges a complaint's compliance with the federal pleading requirements. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must give the defendant "'fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S. Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949-50. Iqbal and Twombly therefore prescribe a two step process for evaluation of motions to dismiss.  The court first identifies the non-conclusory factual allegations, and then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise

---

bankruptcy explains the refusals to honor the Warranty (especially given that the non-party's refusal occurred before the bankruptcy), or that the bankruptcy otherwise affects the disposition of the case against Autowest.

[3] Plaintiff alleges damages of over $50,000. See 15 U.S.C. § 2310(d)(3)(B) (the minimum "amount in controversy" for a federal court claim under the Act is $50,000).

3

to an entitlement to relief." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949-50.

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557).[4] A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

////

---

[4] Twombly imposed an apparently new "plausibility" gloss on the previously well-known Rule 8(a) standard, and retired the long-established "no set of facts" standard of Conley v. Gibson, 355 U.S. 41 (1957), although it did not overrule that case outright. See Moss v. U.S. Secret Service, 572 F.3d 962, 968 (9th Cir. 2009). The Ninth Circuit has acknowledged the difficulty of applying the resulting standard, given the "perplexing" mix of standards the Supreme Court has applied in recent cases. See Starr v. Baca, ___ F.3d ___,___, 2011 WL 2988827 at *13-*14, 2011 U.S. App. LEXIS 15283 at *33-37(9th Cir. July 25, 2011) (comparing the Court's application of the "original, more lenient version of Rule 8(a)" in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) and Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007) (per curiam), with the seemingly "higher pleading standard" in Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005), Twombly and Iqbal). See also Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (applying the "no set of facts" standard to a Section 1983 case).

4

### III. ANALYSIS

The Magnuson-Moss Warranty Act creates a federal private cause of action for any person damaged by the failure of a "supplier, warrantor, or service contractor" to honor its "written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1)(B); Milicevic v. Fletcher Jones Imports, Ltd., 402 F.3d 912, 917 (9th Cir. 2005). With respect to written warranties, the Act specifies that the warranty may be enforced only against the warrantor, "and no other person." 15 U.S.C. § 2310(f).

Plaintiff's sole claim is that defendant Autowest failed to honor the written Warranty issued on his truck. Complaint ¶¶ 27 & 31. There is no claim for "implied warranty." The factual allegations of the complaint, when construed in the light most favorable to plaintiff, however, establish that the "warranty was provided by Chrysler LLC, as the manufacturer" of the truck, Complaint ¶ 10, not defendant. Accordingly, Chrysler is the "warrantor," not defendant. 15 U.S.C. § 2301(5) ("warrantor" is the entity who "gives or offers to give a written warranty"). Since the Act provides that the warranty may be enforced only against the warrantor, "and no one else," 15 U.S.C. § 2310(f), that should be the end of this case.

The Complaint attempts to navigate around its own language and the plain wording of the Act, however, by alleging that defendant Autowest is also a "warrantor," or that it has assumed the liability of the actual warrantor, or that it is liable to the same extent a warrantor would be liable. Complaint ¶¶ 21, 25 & 33.

5

These allegations are all legal conclusions, however, and as such are not entitled to the presumption of truth. Papasan v. Allain, 478 U.S. 265, 286 (1986) (under Rule 12(b)(6) "we must take all the factual allegations in the complaint as true," but "we are not bound to accept as true a legal conclusion couched as a factual allegation"). In fact, these legal conclusions are incorrect.

**A.   Defendant Autowest Is Not a "Warrantor"**

Plaintiff's allegation that defendant "is a 'warrantor'" is flatly refuted by the Act, which specifies that:

> The term "warrantor" means any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty.

15 U.S.C. § 2301(5). The Complaint contains no factual allegation that defendant Autowest gave or offered to give a written warranty to plaintiff or anyone else (and it makes no allegations about any implied warranty). To the contrary, the complaint alleges that plaintiff bought the truck from a non-party dealership and that Chrysler LLC provided the Warranty. Complaint ¶¶ 10 & 20.

In his Opposition brief, plaintiff argues that defendant is a warrantor because "Autowest became bound by means of a written contract to provide services to plaintiff under the seven-years/100,000-mile warranty." Opposition at 8. Plaintiff states that "case law" supports this assertion, in that "a party who enters into a contract in which a person is deemed to be a third-party beneficiary of the contract may be liable under the MMWA because of its assumption of obligations under the warranty." Id.

6

However, plaintiff cites no authority in support of this assertion, and the court is aware of none.

Plaintiff cites <u>Ventura v. Ford Motor Corp.</u>, 433 A.2d 801, 810 (N.J. App. Div. 1981), in support of his assertion that a dealership can be a warrantor. But in that case the dealership sold the vehicle to the plaintiff. Included in the sales contract was a written undertaking from the dealership to perform repairs under warranty. Under those circumstances, the court found that the <u>sales contract</u> functioned as the written warranty, and that the dealership therefore had "furnished a written warranty to the consumer."[5] <u>Id.</u> Even if <u>Ventura</u> was decided correctly – and this court does not here comment on its correctness – it does not help plaintiff in this case. In <u>Ventura</u> it was the sales contract that made the dealership a warrantor, but there is no allegation that defendant Autowest issued a sales contract or sold the truck to plaintiff in this case. The complaint does not allege that defendant issued or provided anything to plaintiff that could even be interpreted as a warranty.

Plaintiff also alleges that the Warranty was "incorporated as part of the Dealer Sales and Service Agreement." Opposition at 8. But this assertion contradicts the wording of the Agreement

---

[5] <u>Ventura v. Ford Motor Corp.</u>, 433 A.2d 801, 810 (N.J. App. Div. 1981) ("For the purpose of this appeal we are satisfied that the dealer's undertaking in paragraph 7 [of the sales contract] constitutes a written warranty within the meaning of 15 U.S.C. § 2301(6)(B)").

7

itself.[6]  In fact, the Agreement does <u>not</u> state or imply that the Warranty is incorporated into the Agreement.[7]  The Complaint does not allege such incorporation, and a review of the Agreement fails to reveal any such incorporation.[8]

**B.   Defendant Has Not "Assumed" Warrantor Liability.**

Plaintiff next alleges that by virtue of the Agreement, defendant has "assumed" Chryler LLC's warrantor liability. Complaint ¶¶ 21 & 33.  Plaintiff appears to rely on a clause of the Agreement that provides:

> DEALER shall perform all warranty ... services hereunder as an independent contractor and not as the agent of CC ["Chrysler LLC"] and shall assume responsibility for and hold CC harmless from, all claims (including, but not limited to, claims resulting from the negligent or willful act or omissions of DEALER) against CC arising out of or in connection with DEALER's performance of such service.

---

[6] Plaintiff has not included the Warranty in his pleadings or motion papers.

[7] Although plaintiff's assertion is a factual one, under these circumstances it is not entitled to a presumption of truth (even if it had been made in the complaint rather than in the motion papers).  That is because the Agreement has been incorporated by reference into the complaint, and it flatly contradicts the assertion.  In a Rule 12(b)(6) motion, the court may reject allegations of the complaint that contradict matters "properly subject to judicial notice or by exhibit."  <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988, <u>as amended on rehearing</u>, 275 F.3d 1187 (9th Cir. 2001).

[8] Plaintiff possibly is referring to the incorporation of the "Chrysler Corporation's Warranty Policy and Procedure Manual" into the Agreement.  <u>See</u> Defendant's Motion To Dismiss, Exh. A at 3.

8

Exh. A at 3. There are several problems with plaintiff's apparent interpretation of this clause.

First, the clause is plainly a "hold harmless" or "indemnification" clause. By its terms, Autowest ("DEALER") promises to indemnify Chrysler ("CC") for claims <u>against Chrysler</u> ("CC") that arise out of any damage inflicted by Autowest's performance of warranty or other service. This lawsuit does not involve a claim "against CC," and thus is not implicated by the clause. Instead, this is a claim <u>against Autowest</u> for its own refusal to honor Chrysler's warranty. The court will not credit plaintiff's fanciful assertion that this routine clause is intended to carry out a wholesale transfer of warranty liability from the issuer, an automobile manufacturer, to a dealership.

Second, even if the hold-harmless clause could be read as plaintiff suggests, the Act expressly precludes such an assumption of liability by a non-warrantor:

> only the warrantor actually making a written affirmation of fact, promise, or undertaking shall be deemed to have created a written warranty, and any rights arising thereunder may be enforced under this section only against such warrantor and no other person.

15 U.S.C. § 2310(f). Plaintiff has identified no legal mechanism permitting the hold-harmless clause to override the express prohibition of a federal law, and the court is aware of none.

Apart from the "hold-harmless" clause, defendant alleges that

9

defendant "agreed to honor all warranties provided by Chrysler LLC." Complaint ¶ 20. This allegation is supported by the terms of the Agreement, which clearly makes defendant (as the "DEALER"), responsible for carrying out warranty service on all Dodge vehicles, no matter which dealership sold the car. But this is not enough to make defendant a warrantor. The Act provides:

> Nothing in this chapter shall be construed to prevent any warrantor from designating representatives to perform duties under the written or implied warranty: Provided, That such warrantor shall make reasonable arrangements for compensation of such designated representatives, but no such designation shall relieve the warrantor of his direct responsibilities to the consumer *or make the representative a cowarrantor*.

15 U.S.C. § 2307 (emphasis added).

**C.   Defendant Is Not a Service Contractor.**

In a final attempt to circumvent the plain bar the Act has erected here, plaintiff argues in his Opposition brief that defendant is a "'service contractor' under 15 U.S.C. § 2301(8)." Opposition at 9. Plaintiff's sole support for this assertion is that "Autowest agreed to honor the seven-years/100,000 miles warranty which was incorporated" into the Agreement. Id. Apart from the fact that the Warranty is not incorporated into the Agreement, this assertion ignores the allegations of plaintiff's own complaint.

Under the statute, a "service contract" is "a contract in

10

writing to perform, over a fixed period of time or for a specified duration, services relating to the maintenance or repair (or both) of a consumer product." 15 U.S.C. § 2301(8). There simply is no "service contract" alleged in the complaint, and nothing from which the court could infer the existence of a service contract.

D.  **Breach of Contract**

Plaintiff argues in his Opposition Brief that the complaint states a claim for breach of contract, to which he is a third-party beneficiary. See, e.g., Opposition at 1-2. Even if such a claim could be found in the complaint itself,[9] the court would decline to exercise supplemental jurisdiction over it, as the complaint's only federal claim has been dismissed.[10] See 28 U.S.C. § 1367(c)(3).

---

[9] There is no claim identified as "Breach of Contract" in the complaint. Nevertheless this court would consider the claim if the alleged facts supported it, since "a complaint need not pin plaintiff's claim for relief to a precise legal theory." Skinner v. Switzer, 562 U.S. ___, ___, 131 S. Ct. 1289, 1296 (2011).

[10] The Agreement states that it is to be interpreted under the laws of Michigan. See Defendant's Opposition, Exh. A at 16. The applicable choice of law rules, as applied to this court exercising supplemental jurisdiction under 28 U.S.C. § 1367, would appear to give effect to that provision. See Paracor Finance, Inc. v. GE Capital Corp., 96 F.3d 1151, 1164-1165 (9th Cir. 1996) (the federal district court exercising supplemental jurisdiction applies the choice of law rules of the forum state; California normally gives effect to the contract's choice of law provision). Resolution of any state claim based upon the Agreement would therefore likely require this court to interpret the law of Michigan, a non-forum state. The court concludes that it would be inappropriate to retain supplemental jurisdiction in this case. See Lacey v. Maricopa County, ___ F.3d ___, ___, 2011 WL 2276198 at *14, 2011 U.S. App. LEXIS 11593 at *44 (9th Cir. June 9, 2011) (after dismissing all federal claims, district court should exercise its discretion in deciding whether it is "appropriate to keep the state claims in federal court"), citing Carlsbad Tech., Inc. V. HIF Bio, Inc., 556 U.S. ___, 129 S. Ct. 1862 (2009).

11

## IV. CONCLUSION

For the reasons stated above, the complaint does not give rise to a Magnuson-Moss Warranty Act claim against defendant, and accordingly, the complaint is dismissed. If plaintiff chooses to amend is complaint again, he must do so within 21 days of the entry date of this order.

IT IS SO ORDERED.

DATED: August 31, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT